## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**REBECCA HATHAWAY and**
**WILLIAM HATHAWAY,**

     **Plaintiff,**

                              **Case No:**

**v.**

**DITECH FINANCIAL LLC**
**and SYNCHRONY BANK,**                  **DEMAND FOR JURY TRIAL**

     **Defendants.**
_____/

### PLAINTIFFS' COMPLAINT WITH INJUNCTIVE RELIEF SOUGHT

**COME NOW**, Plaintiffs, **REBECCA HATHAWAY** ("Mrs. Hathaway") **and**

**WILLIAM HATHAWAY** ("Mr. Hathaway") (collectively "Mr. and Mrs. Hathaway" or

"Plaintiffs"), by and through the undersigned counsel, and hereby sue and file this

Complaint and Demand for Jury Trial with Injunctive Relief Sought against Defendants,

**DITECH FINANCIAL LLC** ("Defendant Ditech") and **SYNCHRONY BANK**

("Defendant Synchrony") (collectively "Defendants"), and in support thereof state as

follows:

### *Introduction*

1.     This action arises out of an alleged "Debt" or "Consumer Debt" as defined

by Fla. Stat. § 559.55 (6) and Defendants' violations of the Florida Consumer Collection

Practices Act, Fla. Stat. § 559.72 *et. seq.* ("FCCPA"), and the Restrictions on Use of

Telephone Equipment, 47 U.S.C. § 227 *et. seq.* ("TCPA"), in attempting to collect such

Plaintiffs' Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Hathaway v. Ditech Financial LLC and Synchrony Bank*
Page **1** of 21

alleged Debt by misrepresenting the status of the alleged Debt as delinquent when Mr. and Mrs. Hathaway were on time with all their monthly payments, and by using an automatic telephone dialing system or automated voice or prerecorded message to call Mr. Hathaway's Cellular Telephone after Mr. and Mrs. Hathaway demanded that Defendant stop calling their cellular telephones, which can all reasonably be expected to harass Mr. and Mrs. Hathaway.

### *Jurisdiction and Venue*

2.      This Court has subject matter jurisdiction over the instant case arising under the federal question presented in the TCPA pursuant to 28 U.S.C. § 1331.

3.      Venue lies in this District pursuant to 28 U.S.C. § 1391 (b) and Fla. Stat. § 559.77 (1), as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

### *Parties*

4.      Plaintiffs, Mr. and Mrs. Hathaway, are each a natural person and, at all times material hereto, are adults, residents of Hillsborough County, Florida, and are each a "debtor" or "consumer" as defined by Fla. Stat. § 559.55 (8).

5.      Further, Mr. and Mrs. Hathaway are "alleged debtors" within the meaning of Fla. Stat. § 559.55.

6.      Mr. Hathaway is the "called party" as referenced in the TCPA, 47 U.S.C. § 227 (b) (1) (A) (iii), for all calls placed to cellular telephone number 813-***-9100 ("Mr. Hathaway's Cellular Telephone").

Plaintiffs' Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Hathaway v. Ditech Financial LLC and Synchrony Bank*
Page **2** of 21

7.      At all times material hereto, Defendant Ditech was and is a corporation with its principle place of business in the State of PA and its registered agent, CT Corporation System, located at 1200 S. Pine Island Road, Plantation, FL 33324.

8.      At all times material hereto, Defendant Synchrony was and is a bank with its principle place of business in the State of UT, located at 170 West Election Road, Suite 125, Draper, UT 84020.

9.      At all times material hereto, Defendant Ditech was performing debt collection owed to Defendant Synchrony to satisfy Mr. and Mrs. Hathaway's alleged debt.

10.     At all times material hereto, Defendant Ditech was acting within the scope of an employee, representative, or agent on behalf of Defendant Synchrony for purposes of collecting Mr. and Mrs. Hathaway's alleged debt for Defendant Synchrony.

11.     As such, Defendant Synchrony is responsible for the conduct of Defendant Ditech as its employee, representative, or agent.

12.     Under information and belief, Defendant Synchrony granted Defendant Ditech access to information and systems that normally would be within Defendant Synchrony's exclusive control, including, but not limited to Mr. and Mrs. Hathaway's information.

13.     Under information and belief, Defendant Synchrony allowed Defendant Ditech to enter Mr. and Mrs. Hathaway's information into Defendant Synchrony's sales or customer systems.

Plaintiffs' Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Hathaway v. Ditech Financial LLC and Synchrony Bank*
Page **3** of 21

14.     Under information and belief, Defendant Synchrony gave Defendant Ditech authority to use the principal's trade name, trademark, or service mark.

15.     Under information and belief, Defendant Synchrony approved, wrote, or reviewed a transcript or form for Defendant Ditech to use when communicating information regarding the subject account.

16.     Under information and belief, Defendant Synchrony had actual knowledge of Defendant Ditech's FCCPA and TCPA violations and Defendant Synchrony failed to stop such violations by Defendant Ditech.

17.     Under information and belief, via a contractual relationship between the parties, Defendant Synchrony had control or the ability to control Defendant Ditech's actions in attempting to collect Mr. and Mrs. Hathaway's alleged debt on behalf of Defendant Synchrony.

### Statements of Fact

18.     In or around February of 2008, Mrs. Hathaway obtained a home improvement loan that was originally secured by their home located at 7137 Whitford St., Las Vegas, NV 89166 ("Home"), from GE Money Bank ("Account").

19.     Sometime thereafter, GE Money Bank merged with Defendant Synchrony.

20.     Defendant Synchrony then assigned servicing rights to the Account to Defendant Ditech.

21.     In September of 2010, the Account was converted from a secured loan to a non-interest bearing unsecured loan after a short sale of the Home.

Plaintiffs' Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Hathaway v. Ditech Financial LLC and Synchrony Bank*
Page **4** of 21

22.     At that time, Mrs. Hathaway's monthly payment amount on the Account decreased from $450 to $150.

23.     Mrs. Hathaway thereafter remitted timely payments towards the Account through their bank bill pay system.

24.     In June of 2012, despite Mrs. Hathaway's timely payments towards the Account, Defendant Synchrony began furnishing improper negative credit reporting information regarding the Account's alleged delinquency ("Debt").

25.     The next month, in July of 2012, Mrs. Hathaway disputed the negative credit reporting information by Defendant Synchrony through Equifax but did not receive a response.

26.     On or around September 4, 2012, Mrs. Hathaway disputed the negative crediting reporting information by Defendant Synchrony again.

27.     Despite disputing the alleged Debt several times, Defendant Synchrony did not correct the improper negative credit reporting.

28.     In late 2016, Defendant Ditech began placing calls to Mr. Hathaway's Cellular Telephone in attempts to collect the alleged Debt.

29.     Neither Mrs. Hathaway nor Mr. Hathaway had ever provided Defendants with Mr. Hathaway's Cellular Telephone number.

30.     As a result of Defendant Ditech's frequent calls, on or around November 3, 2016, Mrs. Hathaway sent a letter to Defendant Ditech that demanded Defendant Ditech calls stop ("Cease Letter"). *See* **Exhibit A.**

31.     Specifically, the Cease Letter stated:

Plaintiffs' Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Hathaway v. Ditech Financial LLC and Synchrony Bank*
Page 5 of 21

Dear Ditech:

I am responding to your contact about collecting a debt. You have contacted me several times a week for the last several months *which I feel constitutes harassment on your part*. You can contact me about this debt, but only by written correspondence at the address below. *Don't contact me about this debt in any other way, or at any other place or time*. I will pay $150 per month around the first of the month. I am on permanent disability, and I am unable to pay any additional amount. I provided financials last year, and my situation has not improved.

You can only contact me at:

1506 Oak Pond St.
Ruskin, FL 33570

Thank you for your cooperation.

Sincerely,

Rebecca Hathaway

*See* **Exhibit A (emphasis added).**

32.    On November 17, 2016, Defendant Ditech responded to Mrs. Hathaway's

Cease Letter and confirmed it has ceased phone communication regarding the Account.

*See* **Exhibit B.**

33.    In May of 2017, Mrs. Hathaway disputed the negative crediting reporting

with Defendant Ditech again but did not get a response.

34.    Despite Defendant Ditech's confirmation that it would cease calls

regarding the Account, in February of 2019, Defendant Ditech began placing calls to Mr.

Hathaway's Cellular Telephone again in attempts to collect the Debt.

Plaintiffs' Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Hathaway v. Ditech Financial LLC and Synchrony Bank*
Page **6** of 21

35.     Defendant Ditech has called Mr. Hathaway's Cellular Telephone at least one hundred (100) times during the time period from November of 2016 to the present date.

36.     Of those at least 100 calls, at least 42 calls have been placed during the time period from February 2019 to the present date.

37.     Defendant Ditech called Mr. Hathaway's Cellular Telephone from several different telephone numbers, including, but not limited to: 855-250-9369, 480-383-2290, and 480-333-6000.

38.     Despite Mrs. Hathaway's several disputes regarding Defendants' improper credit reporting information, timely making all monthly payments towards the Account, and demanding that Defendant Ditech stop placing calls regarding the Account, Defendants still did not correct the inaccurate credit reporting information and continued furnishing inaccurate credit information to the credit reporting bureaus, and continued to call Mr. Hathaway's Cellular Telephone.

39.     All of Defendant Ditech's calls were place to Mr. Hathaway's Cellular Telephone in an attempt to collect an alleged Debt owed to Defendant Synchrony.

40.     Defendant Ditech has harassed Mr. and Mrs. Hathaway due to the timing and frequency of its calls, and by its refusal to correct its credit reporting information.

### *Count 1: Violation of the Telephone Consumer Protection Act (as against Defendant Ditech)*

41.     Mr. and Mrs. Hathaway re-allege paragraphs 1-40 and incorporate the same herein by reference.

Plaintiffs' Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Hathaway v. Ditech Financial LLC and Synchrony Bank*
Page 7 of 21

42.     The Restrictions on Use of Telephone Equipment provision, 47 U.S.C. § 227 (b) (1) prohibits any person:

> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial prerecorded voice – (iii) to any telephone number assigned to a paging service, cellular telephone service, . . . or any service for which the called party is charged for the call.

43.     Mr. and Mrs. Hathaway revoked consent to have Defendant Ditech call their Cellular Telephones by the use of an automatic telephone dialing system ("ATDS") or artificial voice or prerecorded message on or around November 3, 2016 when Mrs. Hathaway mailed the Cease Letter to Defendant Ditech demanding Defendant Ditech's calls stop, which Cease Letter Defendant Ditech confirmed receipt.

44.     Despite this revocation of consent, Defendant Ditech thereafter called Mr. Hathaway's Cellular Telephone at least one hundred (100) times.

45.     Of those at least 100 calls, at least 42 calls have been placed during the time period From February 2019 to the present date.

46.     Defendant Ditech did not place any emergency calls to Mr. Hathaway's Cellular Telephone.

47.     Defendant Ditech willfully and knowingly placed non-emergency calls to Mr. Hathaway's Cellular Telephone.

48.     Mr. Hathaway knew that Defendant Ditech called Mr. Hathaway's Cellular Telephone using an ATDS because he heard a pause when he answered at least

Plaintiffs' Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Hathaway v. Ditech Financial LLC and Synchrony Bank*
Page **8** of 21

one of the first few calls from Defendant Ditech on his Cellular Telephone before a live representative of Defendant Ditech came on the line.

49. Mr. Hathaway knew that Defendant Ditech called Mr. Hathaway's Cellular Telephone using a prerecorded voice because Defendant Ditech left Mr. Hathaway at least one voicemail using a prerecorded voice.

50. Defendant Ditech used an ATDS when it placed at least one call to Mr. Hathaway's Cellular Telephone.

51. Under information and belief, Defendant Ditech used an ATDS when it placed at least ten calls to Mr. Hathaway's Cellular Telephone.

52. Under information and belief, Defendant Ditech used an ATDS when it placed at least twenty calls to Mr. Hathaway's Cellular Telephone.

53. Under information and belief, Defendant Ditech used an ATDS when it placed all calls to Mr. Hathaway's Cellular Telephone.

54. At least one call that Defendant Ditech placed to Mr. Hathaway's Cellular Telephone was made using a telephone dialing system that has the capacity to store telephone numbers to be called.

55. At least one call that Defendant Ditech placed to Mr. Hathaway's Cellular Telephone was made using a telephone dialing system that has the capacity to produce telephone numbers to be called without human intervention.

56. At least one call that Defendant Ditech placed to Mr. Hathaway's Cellular Telephone was made using a telephone dialing system that uses a random number generator.

Plaintiffs' Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Hathaway v. Ditech Financial LLC and Synchrony Bank*
Page **9** of 21

57.     At least one call that Defendant Ditech placed to Mr. Hathaway's Cellular Telephone was made using a telephone dialing system that uses a sequential number generator.

58.     At least one call that Defendant Ditech placed to Mr. Hathaway's Cellular Telephone was made using a prerecorded voice.

59.     Defendant Ditech has recorded at least one conversation with Mr. Hathaway.

60.     Defendant Ditech has recorded more than one conversation with Mr. Hathaway.

61.     Defendant Ditech has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message to place call individuals to collect alleged debts from said individuals, such as Mr. Hathaway, for its financial gain.

62.     Defendant Ditech has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message, and to place calls to individuals using such devices, just as it did to Mr. Hathaway's Cellular Telephone, with no way for the called party and recipient of the calls to permit, elect, or invoke the removal of the called party and recipient of the calls' cellular telephone number from Defendant Ditech's call list.

63.     The structure of Defendant Ditech's corporate policies and/or procedures permits the continuation of calls to individuals like Mr. Hathaway, despite individuals

Plaintiffs' Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Hathaway v. Ditech Financial LLC and Synchrony Bank*
Page **10** of 21

like Mr. Hathaway revoking any consent that Defendant Ditech believes it may have to place such calls.

64.     Defendant Ditech knowingly employs methods and has corporate policies and procedures that do not permit the cessation or suppression of calls placed using an ATDS to individual's cellular telephones, like the calls that it placed to Mr. Hathaway's Cellular Telephone.

65.     Defendant Ditech has corporate policies to abuse and harass consumers like Mr. Hathaway.

66.     Defendant Ditech has been sued in federal court where the allegations include: calling an individual using an ATDS after the individual asked for the calls to stop.

67.     Defendant Ditech has been sued in federal court where the allegations include: calling an individual using an automated or prerecorded voice after the individual asked for the calls to stop.

68.     Defendant Ditech's phone calls harmed Mr. Hathaway by causing him stress.

69.     Defendant Ditech's phone calls harmed Mr. Hathaway by causing him anxiety.

70.     Defendant Ditech's phone calls harmed Mr. Hathaway by being a nuisance and causing him aggravation.

71.     All conditions precedent to this action have occurred.

Plaintiffs' Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Hathaway v. Ditech Financial LLC and Synchrony Bank*
Page **11** of **21**

**WHEREFORE,** Plaintiffs respectfully requests this Court to enter a judgment against Defendant Ditech as follows:

a.  Awarding statutory damages as provided by 47 U.S.C. § 227 (b) (3) (B), which allows for $500 in damages for each such violation that occurred in or after February 2019;

b.  Awarding treble damages pursuant to 47 U.S.C. § 227 (b) (3) (C);

c.  Awarding Plaintiff costs;

d.  Ordering an injunction preventing further wrongful contact by the Defendant Ditech; and

e.  Any other and further relief as this Court deems just and equitable.

### Count 2: Violation of the Telephone Consumer Protection Act (as against Defendant Synchrony)

72.    Mr. and Mrs. Hathaway re-allege paragraphs 1-40 and incorporate the same herein by reference.

73.    At all times relevant hereto, Defendant Synchrony is directly and vicariously liable for all of Defendant Ditech's TCPA violations.

74.    The Restrictions on Use of Telephone Equipment provision, 47 U.S.C. § 227 (b) (1) prohibits any person

> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial prerecorded voice – (iii) to any telephone number assigned to a paging service, cellular telephone service, . . . or any service for which the called party is charged for the call.

Plaintiffs' Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Hathaway v. Ditech Financial LLC and Synchrony Bank*
Page **12** of 21

75.     Mr. and Mrs. Hathaway revoked consent to have Defendant Ditech call their Cellular Telephones by the use of an automatic telephone dialing system ("ATDS") or artificial voice or prerecorded message in or around November 3, 2016 when they mailed a letter to Defendant Ditech demanding them to stop calling them.

76.     Despite this revocation of consent, Defendant Ditech thereafter called Mr. Hathaway's Cellular Telephone at least one hundred (100) times.

77.     Defendant Ditech did not place any emergency calls to Mr. Hathaway's Cellular Telephone.

78.     Defendant Ditech willfully and knowingly placed non-emergency calls to Mr. Hathaway's Cellular Telephone.

79.     Mr. Hathaway knew that Defendant Ditech called Mr. Hathaway's Cellular Telephone using an ATDS because he heard a pause when he answered at least one of the first few calls from Defendant Ditech on his Cellular Telephone before a live representative of Defendant Ditech came on the line.

80.     Mr. Hathaway knew that Defendant Ditech called Mr. Hathaway's Cellular Telephone using a prerecorded voice because Defendant Ditech left Mr. Hathaway at least one voicemail using a prerecorded voice.

81.     Defendant Ditech used an ATDS when it placed at least one call to Mr. Hathaway's Cellular Telephone.

82.     Under information and belief, Defendant Ditech used an ATDS when it placed at least ten calls to Mr. Hathaway's Cellular Telephone.

Plaintiffs' Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Hathaway v. Ditech Financial LLC and Synchrony Bank*
Page **13** of 21

83.     Under information and belief, Defendant Ditech used an ATDS when it placed at least twenty calls to Mr. Hathaway's Cellular Telephone.

84.     Under information and belief, Defendant Ditech used an ATDS when it placed all calls to Mr. Hathaway's Cellular Telephone.

85.     At least one call that Defendant Ditech placed to Mr. Hathaway's Cellular Telephone was made using a telephone dialing system that has the capacity to store telephone numbers to be called.

86.     At least one call that Defendant Ditech placed to Mr. Hathaway's Cellular Telephone was made using a telephone dialing system that has the capacity to produce telephone numbers to be called without human intervention.

87.     At least one call that Defendant Ditech placed to Mr. Hathaway's Cellular Telephone was made using a telephone dialing system that uses a random number generator.

88.     At least one call that Defendant Ditech placed to Mr. Hathaway's Cellular Telephone was made using a telephone dialing system that uses a sequential number generator.

89.     At least one call that Defendant Ditech placed to Mr. Hathaway's Cellular Telephone was made using a prerecorded voice.

90.     Defendant Ditech has recorded at least one conversation with Mr. Hathaway.

91.     Defendant Ditech has recorded more than one conversation with Mr. Hathaway.

Plaintiffs' Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Hathaway v. Ditech Financial LLC and Synchrony Bank*
Page **14** of 21

92.    Defendant Ditech has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message to place call individuals to collect alleged debts from said individuals, such as Mr. Hathaway, for its financial gain.

93.    Defendant Ditech has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message, and to place calls to individuals using such devices, just as it did to Mr. Hathaway's Cellular Telephone, with no way for the called party and recipient of the calls to permit, elect, or invoke the removal of the called party and recipient of the calls' cellular telephone number from Defendant's call list.

94.    The structure of Defendant Ditech's corporate policies and/or procedures permits the continuation of calls to individuals like Mr. Hathaway, despite individuals like Mr. Hathaway revoking any consent that Defendant Ditech believes it may have to place such calls.

95.    Defendant Ditech knowingly employs methods and has corporate policies and procedures that do not permit the cessation or suppression of calls placed using an ATDS to individual's cellular telephones, like the calls that it placed to Mr. Hathaway's Cellular Telephone.

96.    Defendant Ditech has corporate policies to abuse and harass consumers like Mr. Hathaway.

Plaintiffs' Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Hathaway v. Ditech Financial LLC and Synchrony Bank*
Page **15** of 21

97.     Defendant Ditech has been sued in federal court where the allegations include: calling an individual using an ATDS after the individual asked for the calls to stop.

98.     Defendant Ditech has been sued in federal court where the allegations include: calling an individual using an automated or prerecorded voice after the individual asked for the calls to stop.

99.     Defendant Ditech's phone calls harmed Mr. Hathaway by causing him stress.

100.    Defendant Ditech's phone calls harmed Mr. Hathaway by causing him anxiety.

101.    Defendant Ditech's phone calls harmed Mr. Hathaway by being a nuisance and causing him aggravation.

102.    All conditions precedent to this action have occurred.

**WHEREFORE,** Plaintiffs respectfully request this Court to enter a judgment against Defendant Synchrony as follows:

a.  Awarding statutory damages as provided by 47 U.S.C. § 227 (b) (3) (B), which allows for $500 in damages for each such violation;

b.  Awarding treble damages pursuant to 47 U.S.C. § 227 (b) (3) (C);

c.  Awarding Plaintiff costs;

d.  Ordering an injunction preventing further wrongful contact by the Defendant Synchrony, including through agents such as Defendant Ditech; and

Plaintiffs' Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Hathaway v. Ditech Financial LLC and Synchrony Bank*
Page **16** of 21

e.   Any other and further relief as this Court deems just and equitable.

## *Count 3: Violation of the Florida Consumer Collection Practices Act ("FCCPA")* *(as against Defendant Ditech)*

103.   Mr. and Mrs. Hathaway re-allege paragraphs 1-40 and incorporate the same herein by reference.

104.   Defendant Ditech violated the FCCPA. Defendant Ditech's violations include, but are not limited to, the following:

a.   Defendant Ditech violated Fla. Stat. § 559.72(7) by continuing to place calls to Mr. Hathaway's Cellular Telephone after February of 2019 despite the Cease Letter of which Defendant Ditech confirmed receipt, which can reasonably be expected to harass Mr. and Mrs. Hathaway.

b.   Defendant Ditech violated Fla. Stat. § 559.72(9) by attempting to collect on the alleged Debt by representing that the alleged Debt was delinquent in its calls after February of 2019 when Mrs. Hathaway had timely remitted all payments.

105.   As a result of the above violations of the FCCPA, Mr. and Mrs. Hathaway have been subjected to unwarranted and illegal collection activities and harassment for which they have been damaged.

106.   Defendant Ditech's actions harmed Mr. and Mrs. Hathaway by causing them stress.

Plaintiffs' Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Hathaway v. Ditech Financial LLC and Synchrony Bank*
Page **17** of 21

107.    Defendant Ditech's actions harmed Mr. and Mrs. Hathaway by causing them anxiety.

108.    Defendant Ditech's actions harmed Mr. and Mrs. Hathaway by being a nuisance and causing them aggravation.

109.    Defendant Ditech's actions have damaged Mr. and Mrs. Hathaway by harming their reputation.

110.    It has been necessary for Mr. and Mrs. Hathaway to retain the undersigned counsel to prosecute the instant action, for which they are obligated to pay a reasonable attorney's fee.

111.    All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiffs respectfully request this Court to enter a judgment against Defendant Ditech as follows:

   a.   Awarding statutory damages as provided by Fla. Stat. § 559.77;

   b.   Awarding actual damages;

   c.   Awarding punitive damages;

   d.   Awarding costs and attorneys' fees;

   e.   Ordering an injunction preventing further wrongful contact by the Defendant; and

   f.   Any other and further relief as this Court deems just and equitable.

Plaintiffs' Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Hathaway v. Ditech Financial LLC and Synchrony Bank*
Page **18** of 21

### Count 4: Violation of the Florida Consumer Collection Practices Act ("FCCPA") (as against Defendant Synchrony)

112.     Plaintiffs re-allege paragraph 1-40 and incorporate the same herein by reference.

113.     At all times relevant hereto, Defendant Synchrony was vicariously liable for the actions of Defendant Ditech.

114.     Defendant Ditech violated the FCCPA.  Defendant Ditech's violations include, but are not limited to, the following:

a.  Defendant Ditech violated Fla. Stat. § 559.72(7) by continuing to place calls to Mr. Hathaway's Cellular Telephone after February of 2019 despite the Cease Letter of which Defendant Ditech confirmed receipt, which can reasonably be expected to harass Mr. and Mrs. Hathaway.

b.  Defendant Ditech violated Fla. Stat. § 559.72(5) by disclosing to the credit reporting agencies inaccurate information regarding the Account, which affected Mrs. Hathaway's reputation for credit worthiness, when Defendant Ditech knew or reason to know that the information was false because Mrs. Hathaway timely remitted all payments towards the Account.

c.  Defendant Ditech violated Fla. Stat. § 559.72(9) by attempting to collect on the alleged Debt by representing

Plaintiffs' Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Hathaway v. Ditech Financial LLC and Synchrony Bank*
Page **19** of 21

that the alleged Debt was delinquent when Mrs. Hathaway

had timely remitted all payments.

115.    As a result of the above violations of the FCCPA, Mr. and Mrs. Hathaway have been subjected to unwarranted and illegal collection activities and harassment for which they have been damaged.

116.    Defendant Ditech's actions harmed Mr. and Mrs. Hathaway by causing them stress.

117.    Defendant Ditech's actions harmed Mr. and Mrs. Hathaway by causing them anxiety.

118.    Defendant Ditech's actions harmed Mr. and Mrs. Hathaway by being a nuisance and causing them aggravation.

119.    Defendant Ditech's actions have damaged Mr. and Mrs. Hathaway by harming their reputation.

120.    It has been necessary for Mr. and Mrs. Hathaway to retain the undersigned counsel to prosecute the instant action, for which they are obligated to pay a reasonable attorney's fee.

121.    All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiffs respectfully request this Court to enter a judgment against Defendant Synchrony as follows:

a.    Awarding statutory damages as provided by Fla. Stat. § 559.77;

b.    Awarding actual damages;

c.    Awarding punitive damages;

Plaintiffs' Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Hathaway v. Ditech Financial LLC and Synchrony Bank*
Page **20** of 21

d.   Awarding costs and attorneys' fees;

e.   Ordering an injunction preventing further wrongful contact by the

Defendant; and

g.   Any other and further relief as this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiffs, Rebecca Hathaway and William Hathaway, demand a trial by jury on all issues

so triable.

Respectfully submitted this **August 30, 2019**,

*/s/ Michael A. Ziegler*
Michael A. Ziegler, Esq.
Florida Bar No. 74864
mike@zieglerlawoffice.com

*/s/ Kaelyn Steinkraus*
Kaelyn Steinkraus, Esq.
Florida Bar No. 125132
kaelyn@zieglerlawoffice.com

Law Office of Michael A. Ziegler, P.L.
2561 Nursery Road, Suite A
Clearwater, FL 33764
(p)  (727) 538-4188
(f)  (727) 362-4778
Attorneys and Trial Counsel for Plaintiff

Plaintiffs' Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Hathaway v. Ditech Financial LLC and Synchrony Bank*
Page **21** of 21